**GOUGH CONSTRUCTION COMPANY, INC., Appellant (Plaintiff/Counter Defendant),**

v.

**TRI–STATE SUPPLY COMPANY, INC., et al., Appellees (Defendants/Counter Plaintiffs).**

No. 3–985A256.

Court of Appeals of Indiana, Third District.

June 18, 1986.

Peter L. Benjamin, Mark Van Der Molen, Merrillville, for appellant (plaintiff/counter defendant).

Donald Levinson, Steve Lustina, Merrillville, for appellees (defendants/counter plaintiffs).

HOFFMAN, Judge.

Plaintiff-appellant Gough Construction Company, Inc. (Gough) appeals an adverse judgment awarding defendant-appellee Tri-State Supply Company, Inc. (Tri-State) an $80,463.00 judgment on its counterclaim against Gough.

The evidence relevant to this appeal discloses that Gough instituted a suit against Tri-State in December 1980 requesting a judgment for $5,984.86 representing the balance of a construction contract between Gough and Tri-State. In January 1981, Tri-State filed a counterclaim alleging improper performance of the construction contract and exemplary damages for misrepresentation.

At trial evidence was presented that Tri-State entered into a contract with Gough for a 48′ × 48′ Stran-Steel loading dock holding area, and completion of a vestibule on the main building at a price of $47,986.00.

After Gough had completed the work significant problems were immediately apparent. A smaller pre-engineered building had been used with extensions welded to the original components. Once the variations were made, the building was no longer a Stran-Steel building thereby destroying the warranty which accompanies Stran-Steel buildings. Among other defects: the roof leaked; the walls were not secure; the main girders were not connected with as many bolts as one might expect affecting the integrity of the building; columns were improperly spliced; the extension to the main roof girder was not reinforced, was underdesigned and would not support the weight normally required by safety codes; and the vestibule did not have a ceiling, the roof leaked, and the pavement in front of the door heaved rendering the vestibule entry impossible.

Tri-State's expert witness concluded that the cost of repairs would probably meet or exceed the cost of a new building. Moreover, the repairs would never allow Tri-State a Stran-Steel building, for which it contracted. In June 1985, the trial court rendered its judgment for Tri-State. This appeal ensued.

Gough presents three issues on review. As restated, the issues are:

(1) whether the trial court erred in basing its award on the removal of the existing loading dock and erecting a new addition and whether sufficient evidence supports the award;

(2) whether the trial court erred in finding a breach of the contract; and

(3) whether Gough should be awarded a new trial or a reduction in damages based upon newly discovered evidence.

■ Under its first allegation of error Gough basically argues that the court used an inappropriate measure of damages. First, it must be noted that Gough presented no evidence as to the proper or a different measure of damages. In *City of Anderson v. Salling Concrete Corp.* (1980), Ind.App., 411 N.E.2d 728, 733, this Court set out the rule for measuring damages for

breaching a construction contract. If compliance with the original contract would require that a substantial portion of the work be "undone," then the correct measure of damages would be the difference between the fair market value of the work as performed and the fair market value of work performed in accordance with contract specifications. *Anderson, supra.* It was also noted in *Anderson* that awards of the repair costs have been sustained when no evidence of the decreased value is presented. *Anderson, supra,* 411 N.E.2d at 732.

In *Sanborn Elec. v. Bloomington Athletic Club* (1982), Ind.App., 433 N.E.2d 81, 88–90, this Court addressed the question of which party carried the burden of proving the difference in the value of the property as an alternative measure of damages. The *Sanborn* Court stated:

" 'Indeed *it would seem strange to require a party to carry the burden of proof as to a fact which might be adverse to his cause.* Consequently, if the appellant was of the opinion that the building was permanently damaged, the burden was on it to demonstrate such and failing to do so, the appellant has waived this question. At this stage in the proceedings, the appellant cannot ask that the case be returned to the lower court merely to determine the market value of the building before the injury. Therefore, we hold that the appellee has carried his burden of proof by showing the restoration costs. *If the appellant desired to take advantage of a more beneficial measure of damages* to the effect that the building was permanently damaged, *it was incumbent on the appellant to demonstrate the same by evidence of probative value.*' " (Emphasis in original)

433 N.E.2d at 88–89 (quoting *General Outdoor Advertising Co. v. LaSalle Realty Corp.* (1966), 141 Ind.App. 247, 269–270, 218 N.E.2d 141, 152–153).

Unreasonable economic waste is a factor which must be considered when assessing damages in a breach of a construction contract case. *Sanborn, supra.* Gough urges that destruction of the existing non-complying structure and rebuilding amounts to economic waste. Again, the burden is upon the builder. The builder must demonstrate that the measure of damages proposed by the owner would result in economic waste. *Sanborn, supra,* 433 N.E.2d at 90.

Because the trial court was not presented with any evidence as to an alternative measure of damages or as to economic waste, this Court cannot on review determine that the trial court erred. Direct evidence regarding the amount of damages came from Tri-State's expert witness who outlined the numerous building defects which he took into consideration prior to giving his opinion that the structure should be rebuilt. There being sufficient evidence for the trial court's determination, Gough cannot claim any error in the measure of damages employed by the court.[1]

Next, Gough complains that the trial court erred in determining that Gough had breached the contract. Specifically, Gough urges that the building was accepted by Tri-State with authorized modifications and that the building is fit for its intended use. A diligent search of the record reveals no evidence that Tri-State authorized the modifications made by Gough to the pre-engineered Stran-Steel building components.

Gough's argument that Tri-State's use of a portion of the building constitutes fitness for its intended use must fail. The addition was to be used as a warehouse and showroom in Tri-State's carpeting business. Tri-State's president, Eugene Berger, testified that large cement pallets had to be placed on the addition floor to protect the carpeting on display from water damage. Mr. Berger and Tri-State's expert witness

1. Our disposition of the first issue renders moot any consideration of other extraneous matters raised by Gough under the issue.

testified as to the poor quality of workmanship ruining the aesthetics of the addition. Further, there was testimony that during the winter months the loading dock area, as well as other portions of the addition, could not be used until Tri-State's employees broke and removed ice within the addition.[2] Our Supreme Court in *F.D. Borkholder Co., Inc. v. Sandock* (1980), 274 Ind. 612, 413 N.E.2d 567, 569, upheld an award against the builder's challenge that an addition was fit for its intended use, based on conditions of the building similar to those in the present case. The trial court did not err in finding a breach of the contract.

■ As its final basis for error, Gough alleges that it should be granted a new trial on the basis of newly discovered evidence. Gough did not include newly discovered evidence as a ground for error in its motion to correct error because, it asserts, the evidence was discovered one day prior to the hearing on the motion. Gough claims that the existence and contents of the documents, which were discovered, were orally communicated to the trial court. The record does not contain a transcript of the proceedings at the hearing or affidavits in support of Gough's assertions. In fact, the alleged newly discovered evidence is attached to Gough's appellant's brief and an affidavit regarding the documents is attached to Gough's reply brief. Insofar as there is no indication in the record that the trial court was presented with the evidence, and because Gough makes no citation to authority within its argument, the final assertion of error presents no issue for review. *Cf., Medical Licensing Bd. of Indiana v. Ward* (1983), Ind.App., 449 N.E.2d 1129, 1147 (failure to cite pertinent case law or evidence in the record constitutes waiver).

As a final matter, Tri-State requests dismissal of Gough's appeal and assessment of ten per cent damages. Because this Court cannot find as a matter of law that the appeal was frivolous or that misstatements of the record rose to the level of obdurate conduct contemplated by the cases construing Ind. Rules of Procedure, Appellate Rule 15(G), neither dismissal nor damages are warranted.

Accordingly, the trial court's judgment is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.

---

**2.** Numerous other problems were testified to by Berger, such as: work slowdowns or stoppages during rain because water poured into the addition, inoperability of the vestibule door during winter months, no ceiling in vestibule, exposed unfinished construction in vestibule, and replacement of sidewalks for approximately $3,000.00.