**J.E. PIERCE, d/b/a J.E. Pierce Builders, Pierce Builders, Inc., Appellant–Defendant/Counter Plaintiff Below,**

v.

**Richard DREES and Arlene Drees, Appellees–Plaintiffs/Counter Defendants Below.**

No. 45A03–9112–CV–364.

Court of Appeals of Indiana, Third District.

Jan. 28, 1993.

Joseph O'Connor, O'Connor & Weigle, Hammond, for appellant-defendant.

Thomas A. Vater, Hammond, for appellees-plaintiffs.

STATON, Judge.

J.E. Pierce, d/b/a Pierce Builders Inc. ("Pierce"), appeals the judgment of the trial court in favor of Richard and Arlene Drees ("the Dreeses"). The trial court awarded the Dreeses $26,682.77 in damages for Pierce's breach of contract and breach of implied warranties resulting from the construction of a garage. Four issues are presented for our review, which we consolidate and restate as follows:

1. Whether the trial court applied the proper measure of damages?
2. Whether the trial court erred in denying the Dreeses attorney fees pursuant to Indiana's Deceptive Sales Act?

We reverse and remand.

The evidence most favorable to the judgment reveals that the Dreeses and Pierce executed a construction contract pursuant to which Pierce was to demolish the Dreeses' existing garage, build a new garage on the same site, and pour a concrete patio next to the Dreeses' home. The total price for the contracted work was $8,158.00. The Dreeses paid $3,844.00 to Pierce toward the total price. Upon completion of the garage, the Dreeses instituted a suit against Pierce alleging improper performance of the construction contract. Pierce filed a counterclaim against the Dreeses requesting the balance of the contract price.

At trial, the evidence revealed that substantial defects became apparent soon after Pierce began construction. Concrete splatterings from the pouring of the patio dented both the aluminum siding and storm door on the Dreeses' home. Pierce failed to place a required expansion joint between the newly poured concrete pad and the Dreeses' home, and no reinforcing rod or wire was used in the concrete pour. Additionally, the garage was not supported by an adequate footing.

The structure itself was also fraught with construction defects. Pierce failed to use pressure-treated wood as required by industry standards, and his use of anchor bolts similarly did not comply. The plywood on the roof was improperly laid and was not of the same dimension as agreed upon by the parties. Further, the caulking began to fail within one year of construction, causing the siding to pull away from the garage. Based on these and other defects, the Dreeses' expert testified that the cost of repairs would exceed the cost of demolishing and reconstructing the garage, the concrete foundation and the patio.

Following a bench trial, the trial court entered findings of fact and conclusions of law *sua sponte*. When a party

has requested specific findings of fact and conclusions of law under Ind.Trial Rule 52(A), the reviewing court cannot affirm the judgment on any legal basis; rather, this Court must determine whether the trial court's findings are sufficient to support the judgment. *Vanderburgh County Board of Commissioners v. Rittenhouse* (1991), Ind.App., 575 N.E.2d 663, 665, *trans. denied.* In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Id.* The judgment will be reversed only when clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions of law entered on the findings. *DeHaan v. DeHaan* (1991), Ind.App., 572 N.E.2d 1315, 1320, *trans. denied.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

This same standard of review applies when the trial court gratuitously enters specific findings of fact and conclusions of law, with one notable exception. When the trial court enters such findings *sua sponte*, the specific findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the court has not found. *In re Marriage of Snemis* (1991), Ind.App., 575 N.E.2d 650, 652. We may affirm a general judgment on any theory supported by the evidence adduced at trial. *Id.*

## I.

### Damages

Pierce argues the trial court did not apply the proper measure of damages when it awarded the Dreeses $26,682.77. On appeal, a damage award will not be reversed

if it is within the scope of the evidence. When reviewing the evidence, we may not reweigh the evidence or judge the credibility of the witnesses. *Dunn v. Cadiente* (1987), Ind., 516 N.E.2d 52, 54, *reh. denied.*

The damage award was based on the following relevant findings and conclusions:

106. Given the number of substantial defects in the garage as constructed by the defendant, the structure should be demolished, the existing concrete broken out and a new structure erected in compliance with the contract....

\* \* \* \* \* \*

17. Pierce is entitled to recover nothing on its counterclaim for the contract price because of its breaches of contract.

\* \* \* \* \* \*

21. The plaintiffs should recover judgment for the following damages which flow from the defendant's breach of contract:

a. $3,844.00 paid to the defendant toward the contract price.

b. The $767.81 cost to replace the damaged siding and storm door on the plaintiffs' home.

c. The $987.70 cost to remove and repour the concrete pad with an expansion joint.

d. The cost of tarpaulins in the sum of $45.00.[1]

e. Damage to personal property in the sum of $250.00.

f. The $11,894.00 cost to remove existing concrete and to demolish the existing garage and construct a new garage pursuant to the contract....

These sums total $17,788.51.

22. The plaintiffs should be awarded pre-judgment interest at the rate of 8% per annum from May 1, 1985 to the

---

1. The Dreeses purchased the tarpaulins for the purpose of protecting their personal property that was being kept outside, but ordinarily would have been stored in their garage.

date hereof, that amount totaling $8,894.26.

Record, pp. 675, 677–78.

■ In breach of construction contract cases where compliance with the contract would require reconstruction of a substantial portion of the building, the proper measure of damages is the difference between the fair market value of the work as performed and the fair market value of the work if performed in accordance with contract specifications. *Gough Const. Co. v. Tri–State Supply Co.* (1986), Ind.App., 493 N.E.2d 1283, 1285. Because the trial court failed to use this measure of damages when computing the Dreeses award, we must reverse the trial court's damage judgment and remand this cause for a new trial on the issue of damages.

For purposes of remand, the following example found in Restatement (Second) of Contracts § 347 comment (e) (1981) and cited by this court in *Ethyl Corp. v. Forcum–Lannom Assoc.* (1982), Ind.App., 433 N.E.2d 1214, 1221–22, *trans. denied,* is illustrative:

> A contracts to build a house for B for $100,000, but repudiates the contract after doing part of the work and having been paid $40,000. Other builders would charge B $80,000 to finish the house, but B finds a builder in need of work who does it for $70,000. B's damages are limited to the $70,000 that he actually had to pay to finish the work less the $60,000 cost avoided or $10,000, together with damages for any loss caused by the delay.

■ Here, Pierce contracted to do the entire project for $8,158.00, but breached the contract after doing part of the work (demolishing the original garage) and having been paid $3,844.00. Thus, the Dreeses' damages would be limited to the cost of properly finishing the project[2] less the $4,314.00 cost avoided by the Dresses under their contract with Pierce.

**2.** Because the estimated cost of $12,881.70 to remove and replace the concrete pad and garage has not yet been incurred by the Dresses, the figure representing the cost of finishing the project may be altered on remand. The measure of damages in a breach of contract case is the loss

■ In addition to the above measure of damages, the Dreeses may also be entitled to consequential damages. *See id.* Because it will undoubtedly arise again on remand, we will address Pierce's argument that the Dreeses are not entitled to recover as consequential damages the cost of replacing the aluminum siding and storm door on their house because they failed to mitigate their damages.

■ While it is true that a non-breaching party must mitigate damages, the breaching party has the burden of proving the non-breaching party has not used reasonable diligence to do so. *Callander v. Sheridan* (1989), Ind.App., 546 N.E.2d 850, 854, *reh. denied.* The evidence most favorable to the verdict supports the following special findings made by the trial court:

> 35. Soap and water would not remove the concrete splatterings, while an acid wash would remove the concrete from the siding but also the paint.
>
> 36. Neither soap and water nor acid wash would remove the dents from the siding or storm door.

Record, p. 665. Thus, the Dreeses' failure to authorize Pierce to wash the siding did not constitute a failure to mitigate damages. Similarly, there was no failure to mitigate damages when the Dreeses declined Pierce's offer to replace pieces of damaged aluminum siding because no additional damage resulted therefrom.

## II.

### Attorney Fees

■ The Indiana Deceptive Sales Act ("the Act") provides in relevant part that:

> [a] person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act. The court may award reasonable attorney fees to the party that prevails in

actually suffered as a result of the breach; the plaintiff is not entitled to be placed in a better position than he would have been had the breach not occurred. *Ethyl Corp. v. Forcum–Lannom Assoc.* (1982), Ind.App., 433 N.E.2d 1214, 1221, *trans. denied.*

an action under this subsection. This subsection does not apply to a consumer transaction in real property, except for purchases of time shares and camping club memberships.

West's A.I.C. 24–5–0.5–4(a). (Supp.1992.)

The trial court found that the Dreeses were not entitled to attorney fees under the Act because their contract with Pierce involved a transaction in real property. We do not agree.

The transaction at bar resembles that in *Captain & Co., Inc. v. Stenberg* (1987), Ind.App., 505 N.E.2d 88, *trans. denied.* In *Captain,* this court affirmed an award of attorney fees, pursuant to the Act, to homeowners who prevailed in a breach of contract action against contractors who had undertaken to reconstruct their fire-damaged house. Like the transaction in *Captain,* the contract between Pierce and the Dreeses involves both the sale of goods and the performance of services. Thus, the trial court may award reasonable attorney fees to the Dreeses under the Act.

This cause is remanded to the trial court for a new trial on the issue of damages pursuant to this opinion.

SHARPNACK, C.J., and HOFFMAN, J., concur.