**H. Dean EVANS, et al., Appellants–Defendants,**

v.

**Michael TUTTLE, by his legal guardians David and Linda TUTTLE, et al., Appellees–Plaintiffs.**

No. 73A04–9404–CV–158.

Court of Appeals of Indiana, Fourth District.

Jan. 30, 1995.

---

Pamela Carter, Atty. Gen., Seth M. Lahn, Deputy Atty. Gen., for appellants.

Kenneth J. Falk, Christopher B. Haile, Legal Services Org., Milo Gray, Jr., Dana Long, Indiana Protection and Advocacy Services, Indianapolis, for appellees.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellants-defendants, H. Dean Evans *et al.* (collectively the "State"), appeal the trial court's award of attorney fees to Legal Services Organization of Indiana, Inc. ("LSO") and Indiana Protection and Advocacy Services ("IPAS"). We affirm.

### Issue

The State presents one issue for review: whether the amounts of attorney fees awarded LSO and IPAS were reasonable.

### Facts and Procedural History

This case began when the plaintiffs, Michael Tuttle *et al.* (collectively "Tuttle"), brought a civil rights class action to enjoin the State from denying education to disabled students between the ages of 18 and 22. The class was represented by LSO and IPAS. The trial court found that because Indiana permitted non-disabled students between 18–22 to attend school until they had completed their high school graduation requirements, Indiana's policy of discretionary education for disabled children over the age of 18 violated the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1401, et seq. This court affirmed the trial court on appeal. *See Evans v. Tuttle* (1993), Ind.App., 613 N.E.2d 854.

As part of the original order, the trial court found that Tuttle was entitled to reasonable attorney fees pursuant to the IDEA and 42 U.S.C. § 1988. The court ordered that the issue as to attorney fees would be determined at a hearing to be requested by Tuttle no sooner than thirty days after the judgment had become final.

On July 30 and August 12, 1993, respectively, LSO and IPAS filed with the trial court requests for attorney fees. Both motions were accompanied by copies of the time sheets of the attorneys involved, affidavits of their experience and hours worked, and an additional affidavit of a local civil rights practitioner stating the rates charged were within the range customarily charged for that type of work. The trial court issued orders granting the State thirty days within which to respond to the requests. The orders stated as follows:

> It is ordered that the defendants shall have thirty (30) days to respond to the Motion for Attorneys' Fees and [LSO and IPAS] shall have fifteen (15) days thereafter to file a response after which the Court will issue its Order or will set this matter for hearing if deemed appropriate.

On September 13, 1993, the State filed a motion for an enlargement of time in which to respond to LSO and IPAS's requests. The trial court granted an extension until October 8, 1993, using the same language as set out above. On October 8, 1993, the State filed another motion for an enlargement of time in which to respond to the requests for attorney fees. The trial court granted the State a ten-day extension, until October 18, 1993, again using the same language as in its original orders. On October 18, 1993, the State filed yet another motion for enlarge-

ment of time in which to respond. The court denied this request.

On November 3, 1993, the trial court issued an order awarding LSO attorney fees of $13,000. On November 8, 1993, the trial court issued an order granting IPAS attorney fees of $32,000. After filing a motion to correct errors, the State now appeals.

*Discussion and Decision*

■ The State argues that the trial court abused its discretion in the amounts of attorney fees it awarded to LSO and IPAS. A trial court's decisions to awarded attorney fees and the amount thereof are reviewed under an abuse of discretion standard. *Kellogg v. City of Gary* (1990), Ind., 562 N.E.2d 685, 715. However, we agree with LSO and IPAS that the State has waived review of this issue.

■ A party may not raise an issue for the first time in a motion to correct errors or on appeal. *Matter of S.L.* (1992), Ind.App., 599 N.E.2d 227. Here, the State had ample opportunity to respond to LSO and IPAS's motions for awards of attorney fees; yet, it failed to do so. The State cannot now challenge before this court the reasonableness of the awards when it presented no evidence or argument to the trial court. *See eg. Gough Construction Co., Inc. v. Tri–State Supply Co., Inc.* (1986), Ind.App., 493 N.E.2d 1283 (failure of plaintiff to present any evidence on an alternative measure of damages waives review of damages awarded on defendant's counterclaim). The issue has been waived.

Affirmed.

DARDEN and FRIEDLANDER, JJ., concur.