David COUCHMAN and Wilma Couchman, Appellants-defendants and Counter-claimants,

v.

RESTORATION CONTRACTORS, INC., Appellee-plaintiff and Counter-defendant.

No. 27A05–0008–CV–320.

Court of Appeals of Indiana.

Jan. 30, 2001.

R. Robert Dawalt, Jr., Marion, IN, Attorney for Appellants.

Mark Spitzer, Marion, IN, Attorney for Appellee.

## OPINION

BAKER, JUDGE

Appellants-defendants and counter-claimants David and Wilma Couchman (the Couchmans) appeal the trial court's judgment in favor of appellee-plaintiff and counter-defendant, Restoration Contractors, Inc. (Restoration), claiming that the trial court erred in denying their counter-claim against Restoration for breach of contract and negligence. Specifically, the Couchmans assert that the evidence presented at trial entitled them to an award of

damages because of the faulty workmanship that Restoration performed on their rental property.

## FACTS

The facts most favorable to the judgment are that the Couchmans' Grant County rental unit sustained fire and smoke damage. As a result, the Couchmans submitted a claim with their insurance company regarding the loss. Restoration was then retained to perform the necessary repairs, and it estimated that the damage to the residence totaled $33,945.77. Inasmuch as the Couchmans did not have replacement cost insurance, they received approximately $32,500 for their losses to the property. The parties subsequently agreed that Restoration's work would be performed at a depreciation cost of $30,515.91.

Restoration began cleanup of the residence and the Couchmans paid them $10,000 as a down payment for the work. Shortly thereafter, David informed Restoration representatives that he was unhappy with the job. As a result, the Couchmans ordered Restoration to stop work, as David intended to have another company complete the cleanup. Restoration then billed the Couchmans $6151.90, purportedly for work it performed on the property in excess of the $10,000 down payment. When the Couchmans refused to pay, Restoration asserted a mechanic's lien for the balance due and commenced an action against the Couchmans on August 18, 1999.[1] The Couchmans denied the allegations and asserted a counterclaim against Restoration for breach of contract and negligence.

Following a trial by court, the judge entered judgment and specific findings of fact and conclusions of law on June 23, 2000. The trial court determined that the evidence established that Restoration had performed its work on the Couchmans' property in a "sloppy and careless man-ner." Record at 24. Thus, the trial court found against Restoration on its complaint for the additional request of $6151.90 under the contract, and against the Couchmans with respect to the counterclaim for negligence and breach of contract. The court determined that the Couchmans failed to present any evidence, other than their own assertions, that Restoration's poor workmanship resulted in additional damages to them. Thus, the trial court concluded that "neither party take anything by way of their claims." R. at 25. The Couchmans now appeal the denial of their request for damages on their counterclaim.

## DISCUSSION AND DECISION

The Couchmans contend that they were entitled to damages. Specifically, they argue that the evidence presented at trial established Restoration's negligence and breach of contract because "other workmen would have to redo substantial parts of the repairs to the house." Appellants' brief at 4.

In addressing the Couchmans' claim, we initially observe that when reviewing a trial court's findings of fact and conclusions of law, this court engages in a two-tiered standard of review. We first determine whether the evidence supports the findings and second, whether the findings support the judgment. *In re C.W.*, 723 N.E.2d 956, 960 (Ind.Ct.App.2000), *trans. denied.* The trial court's findings and conclusions will be set aside on appeal only if they are clearly erroneous. *Breeden v. Breeden*, 678 N.E.2d 423, 425 (Ind. Ct.App.1997). Findings of fact are clearly erroneous if the record lacks any evidence or reasonable inferences to support them. *Id.* We consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess the credibility of the witnesses. *In re C.W.*,

---

1. Although Restoration originally sought damages in excess of $9000, it orally amended its complaint at trial for $6151.90 plus attorney's fees and costs.

723 N.E.2d at 960. If there is evidence to sustain the facts as found by the trial court, we must accept the facts as stated. *Id.*

■ In the instant case, the Couchmans maintain that they should prevail on their counterclaim in light of this court's opinion in *Pierce v. Drees,* 607 N.E.2d 726 (Ind.Ct. App.1993), where we observed that:

> In breach of construction contract cases where compliance with the contract would require reconstruction of a substantial portion of the building, the proper measure of damages is the difference between the fair market value of the work as performed and the fair market value of the work if performed in accordance with contract specifications.

*Id.* at 729. While the Couchmans correctly cite *Pierce* for the measure of damages in construction contract cases, we are not persuaded that the trial court ignored or strayed from this rule in denying their counterclaim. It is apparent from the record that the Couchmans failed to present any evidence as to the value of additional damages it allegedly sustained from Restoration's negligence or breach of contract. After considering the evidence, the trial court reduced the contract price by refusing to award any additional payment to Restoration. The Couchmans' assertion that they should have prevailed on their counterclaim merely constitutes an invitation for this court to reweigh the evidence. Inasmuch as we decline such invitations, we conclude that the trial court correctly found that the Couchmans failed to carry their burden of proof with respect to the counterclaim. There was no error.

Judgment affirmed.

BROOK, J., and BARNES, J., concur.