In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-2933

LEROY WASHINGTON, on his own
behalf and on behalf of a Class
of those similarly situated,

*Plaintiff-Appellee,*

*v.*

MARION COUNTY PROSECUTOR,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:16-cv-02980-JMS-DML — **Jane Magnus-Stinson**, *Chief Judge.*

ARGUED NOVEMBER 29, 2018 — DECIDED FEBRUARY 26, 2019

Before FLAUM, RIPPLE, and MANION, *Circuit Judges.*

MANION, *Circuit Judge.* Indianapolis police stopped a car
driven and owned by Leroy Washington in September 2016.
Washington was arrested and ultimately charged with multi-
ple Indiana crimes, including dealing in marijuana. Police
seized his vehicle for forfeiture. Washington brought a class-
action constitutional challenge. The district court declared

Indiana's vehicle forfeiture statute (I.C. 34-24-1-1(a)(1) read in conjunction with other provisions in the same chapter) unconstitutional. The Marion County Prosecutor appealed. While the appeal pended, Indiana amended the statute. The Prosecutor argues the amendments fix any constitutional problems, but Washington disagrees. We remand to the district court to address the amendments.

## I. Background

Washington was driving a vehicle he owned when an Indianapolis police officer pulled him over on September 21, 2016. Washington was arrested and charged with three felonies: dealing in marijuana, resisting law enforcement, and obstruction of justice. The officer had Washington's vehicle towed and held for forfeiture pursuant to Indiana Code 34-24-1-1(a)(1) and 2(a)(1).

On November 1, 2016, Washington demanded return of his vehicle per I.C. 34-24-1-3. He filed a federal class-action complaint the next day, claiming the seizures of his vehicle and the class's vehicles under I.C. 34-24-1-2(a)(1) violate the Fourteenth Amendment's due process clause. In a clarifying brief requested by the district court, Washington said he challenged I.C. 34-24-1-2(a)(1) as applied. But the court construed the challenge as a facial challenge to I.C. 34-24-1-1(a)(1), read in conjunction with other provisions of that chapter.

In early February 2017, the Marion County Prosecutor's Office and the Indianapolis Metropolitan Police Department released the vehicle to Washington. On February 3, 2017, Defendants moved to dismiss the case as moot given the vehicle's return. Later that month, Washington moved for summary judgment.

On August 18, 2017, the district court certified a class and granted Washington summary judgment. The court declared I.C. 34-24-1-1(a)(1) (as read in conjunction with other provisions of the same chapter) unconstitutional for violating the due process clauses. The court permanently enjoined Defendants from enforcing it. In particular, the court concluded the statutory provisions allowing for seizure and retention of vehicles without an opportunity for an individual to challenge pre-forfeiture deprivation are unconstitutional. The Prosecutor appealed. After the judgment, and while this appeal pended, Indiana amended its vehicle forfeiture statute.

The Prosecutor continues to argue on appeal that the old version of the statute did not violate the due process clause. The Prosecutor also argues the new version changed and increased the available process, thereby ameliorating any "potential" due process deficiencies identified by the district court. For example, the Prosecutor argues the amended statute provides for a probable cause affidavit, a motion for provisional release, and a shortened window for the Prosecutor to file a forfeiture complaint. These changes, the argument goes, satisfy the district court's due process concerns by allowing a person interested in a vehicle to challenge pre-forfeiture deprivation. The Prosecutor moved us to dismiss this case as moot given the statutory amendments.

But Washington argues the amendments are superficial, the same or similar problems exist, and the statute as amended remains unconstitutional. He argues, for example, that one new provision sets out a procedure the court already held constitutionally deficient. He argues the court required a timely post-seizure, pre-forfeiture hearing at a minimum, but the amendments do not provide this. He argues the

amendment providing for "provisional release" is meaning-
less or illusory because the mere filing of a motion by the Pros-
ecutor will bar provisional release. He points out that the
amended statute still bars replevin. He argues the statute as
amended prevents a court from asking the core question
(within an appropriate time): Is there probable cause to be-
lieve the vehicle owner had some involvement in the wrong-
doing? Washington maintains that the statute, before and af-
ter the amendments, does not provide due process. In short,
he argues the amendments do not cure the due process defi-
ciency, do not provide any meaningful impact, and do not
moot his claim.

## II. Discussion

The district court concluded Indiana's statutory provi-
sions allowing for seizure and retention of vehicles without
an opportunity to challenge pre-forfeiture deprivation are un-
constitutional. Indiana amended the law, but Washington ar-
gues the amendments do not fix the constitutional problems:

> When an innocent owner's vehicle is used by a
> third party to commit a crime, the vehicle is
> seized by law enforcement. Because evidence of
> innocent ownership is not considered at the *ex
> parte* probable cause determination, the Court
> will generally order the vehicle to be held. The
> prosecutor can then file a motion under Indiana
> Code Section 34-24-1-2(j), which prevents provi-
> sional release. The statute does not require any
> expedited process for addressing a motion un-
> der [that section]. As a result, the individual
> loses the ability to have a prompt hearing to
> challenge continued retention of the vehicle.

> The ability of the State to hold property for an extended period of time, while simultaneously preventing judicial intervention, creates powerful leverage that can be used to coerce even innocent owners to buy back their own property though a settlement agreement.

(Appellees' Br., DE 25 at 36.)

Scholars chronicle many problems with forfeiture laws.[1] Professor Crepelle observed that in 2015, law enforcement took more property from Americans than criminals did.[2] Justice Thomas has expressed skepticism of forfeiture.[3]

---

[1] Note, *How Crime Pays: The Unconstitutionality of Modern Civil Asset Forfeiture as a Tool of Criminal Law Enforcement*, 131 Harv. L. Rev. 2387 (2018); Adam Crepelle, *Probable Cause to Plunder: Civil Asset Forfeiture and the Problems It Creates*, 7 Wake Forest J.L. & Pol'y 315 (2017); Barclay Thomas Johnson, Note, *Restoring Civility—The Civil Asset Forfeiture Reform Act of 2000: Baby Steps Towards a More Civilized Civil Forfeiture System*, 35 Ind. L. Rev. 1045 (2002); *but see* Caleb Nelson, *The Constitutionality of Civil Forfeiture*, 125 Yale L.J. 2446 (2016) (arguing forfeiture statutes might be unfair or unwise, but their central characteristics do not violate the Constitution).

[2] Crepelle, *supra* note 1, at 315.

[3] "[A]mbitious modern statutes and prosecutorial practices have all but detached themselves from the ancient notion of civil forfeiture … ." *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 85 (1993) (Thomas, J., concurring in part and dissenting in part). "One unaware of the history of forfeiture laws and 200 years of this Court's precedent regarding such laws might well assume that such a scheme is lawless—a violation of due process." *Bennis v. Michigan*, 516 U.S. 442, 454 (1996). "This system—where police can seize property with limited judicial oversight and retain it for their own use—has led to egregious and well-chronicled abuses." *Leonard*

Obviously, vehicle forfeitures are economically painful. Many Americans depend on cars for food, school, work, medical treatment, church, relationships, arts, sports, recreation, and anything farther away than the ends of their driveways. Cars extend us. Cars manifest liberty. A person released on bond, retaining a presumption of innocence, might suffer virtual imprisonment if he cannot regain his vehicle in time to drive to work.

The district court did not have a chance to address the amendments. Given that the record and arguments regarding the amendments are under-developed, we remand this case to the district court for further proceedings. *See Restoration Risk Retention Grp. v. Gutierrez*, 880 F.3d 339, 349 (7th Cir. 2018) (remanding to district court "to determine the operation and effect of the amended statute" and to "determine whether the case is moot"); *Hager v. Nat'l Union Elec. Co.*, 854 F.2d 259, 262–63 (7th Cir. 1988) ("We believe that the district court ought to have the opportunity to reconsider its decision in light of this most significant pronouncement from the Supreme Court of Indiana."); *United States v. Elrod*, 627 F.2d 813, 819–20 (7th Cir. 1980) (remanding to district court given enactment of statute during pendency of appeal).[4]

On remand, the district court should address the parties' contentions regarding the amendments. Do the amendments

---

*v. Texas*, 137 S. Ct. 847, 848 (2017) (Thomas, J., statement respecting denial of certiorari).

[4] The Supreme Court heard argument on Indiana's forfeiture law and the Eighth Amendment a day before our argument. The Court recently issued its opinion, concluding the Fourteenth Amendment incorporates the Eighth Amendment's ban on excessive fines. *Timbs v. Indiana*, No. 17-1091, 2019 WL 691578, at *2 (U.S. Feb. 20, 2019).

ameliorate the constitutional problems the district court iden-
tified? The district court should resolve these contentions to
the extent necessary and proper.

If appropriate, the district court should also revisit the
class to determine whether it should be decertified or rede-
fined in light of the amendments.

At present, we express no opinion regarding the constitu-
tionality of the old or new versions of the statute, regarding
mootness, or regarding the class. Also, our argument sum-
maries do not limit the arguments the parties may raise on
remand. We leave latitude to the district court to conduct fur-
ther proceedings it deems necessary and proper given the
amendments and the parties' positions. Any review we are
subsequently called upon to make will benefit from these pro-
ceedings and the reasoning of the district court.

### III. Conclusion

We DENY the Prosecutor's motion to dismiss. We
REMAND this case to the district court for further proceed-
ings consistent with this opinion.