

**FILED**

Dec 27 2019, 8:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT
ERIC BUTLER

Stephen Gerald Gray
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
THE STATE OF INDIANA

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE

# COURT OF APPEALS OF INDIANA

Eric Butler, $236.00 in U.S.
Currency, and One 2004 Pontiac
Grand Prix,

*Appellants-Defendants,*

v.

State of Indiana, the
Consolidated City of
Indianapolis/Marion County,
and the Indianapolis
Metropolitan Law Enforcement
Agency,

*Appellees-Plaintiffs.*

December 27, 2019

Court of Appeals Case No.
19A-MI-5

Appeal from the Marion Superior
Court

The Hon. James Joven, Judge

Trial Court Cause No.
49D13-1702-MI-7676

**Bradford, Judge.**

# Case Summary

In December of 2016, Eric Butler was pulled over while driving his 2004 Pontiac Grand Prix ("the Car"), and a search revealed thirty-four grams of marijuana, approximately forty-six grams of heroin, and $236 in cash. The State, the Consolidated City of Indianapolis/Marion County, and the Indianapolis Metropolitan Law Enforcement Agency (collectively, "Appellees"), filed a civil forfeiture action against Butler, $236.00 in U.S. Currency, and one 2004 Pontiac Grand Prix (collectively, "Appellants").

While the civil forfeiture action was pending, the United States District Court for the Southern District of Indiana found Indiana's civil-forfeiture scheme to be unconstitutional in several respects. Effective July 1, 2018, several amendments took effect which were intended to cure the constitutional infirmities in Indiana's civil forfeiture laws ("the 2018 Amendments"). When the trial court entered judgment in favor of Appellants based on the old statutes, Appellees refiled pursuant to the amended statutes. In December of 2018, the trial court entered summary judgment in favor of Appellees. Appellants argue that the trial court erroneously entered summary judgment in favor of Appellees and abused its discretion in failing to award Appellants attorney's fees. Because Appellants have failed to establish that the trial court erred in concluding that the 2018 Amendments cured the constitutional defects in Indiana's civil-forfeiture statutes and have waived any claim regarding attorney's fees in the trial court, we affirm. Moreover, we decline Appellants' request for an award of appellate attorney's fees.

# Facts and Procedural History

[3] On December 8, 2016, Indianapolis Metropolitan Police Officers conducted a traffic stop of the Car, which was driven and owned by Butler. During the stop, police discovered approximately thirty-four grams of marijuana in the vehicle, approximately forty-six grams of heroin in a baggy in Butler's pocket, and $236 in cash. The State charged Butler with Level 2 felony dealing a narcotic drug and Level 3 felony possession of a narcotic drug, and the Car and the cash were seized by law enforcement and held for forfeiture. On February 23, 2017, Appellees filed a civil complaint seeking forfeiture of the Car and the $236. In April of 2017, Appellees moved for default judgment, which the trial court granted on April 28, 2017.

[4] On August 18, 2017, the United States District Court for the Southern District of Indiana ruled Indiana's statutory forfeiture scheme unconstitutional. *See Washington v. Marion Cty. Prosecutor, et al.*, 264 F. Supp. 3d 957, 961, 975–80 (S.D. Ind. 2017). The district court concluded that "Indiana Code Section 34-24-1-1(a)(1), read in conjunction with the Indiana Code provisions of the same chapter, violates the Due Process Clause" and permanently enjoined the Marion County Prosecutor from "enforcing Indiana Code Section 34-24-1-1(a)(1), as read in conjunction with Indiana Code provisions of the same chapter." *Id.* at 980. In September of 2017, the Marion County Prosecutor appealed from the district court's determination. Appellants moved for relief from the default judgment on December 12, 2017. Appellees filed an objection to the motion, and the trial court held a hearing on the motion on February 26,

2018. While that motion was pending, Butler pled guilty to Level 4 felony dealing in a narcotic drug in his criminal case.

[5] Effective July 1, 2018, the 2018 Amendments took effect, which were an apparent attempt to address the due-process problems identified by the district court in *Washington*. *See* Ind. P.L. 47-2018, §§ 1-2. On July 11, 2018, the trial court granted Appellants' motion for relief from judgment, vacating the default judgment. Appellees filed a probable-cause affidavit, and, on July 16, 2018, the trial court found probable cause for the seizure of the Car. The parties cross-moved for summary judgment. In Butler's memorandum submitted in support of his summary-judgment motion, he did not acknowledge the 2018 Amendments, much less argue that they failed to cure Indiana Code chapter 34-24-1's constitutional deficiencies. On December 4, 2018, without a hearing, the trial court granted Appellees' motion for summary judgment, ordering forfeiture of both the $236 and the Car. On January 2, 2019, Appellants appealed from the trial court's grant of summary judgment in favor of Appellees.

[6] Meanwhile, on February 19, 2019, the United States Court of Appeals for the Seventh Circuit issued its disposition of the Marion County Prosecutor's appeal in *Washington*. *See Washington v. Marion Cty. Prosecutor*, 916 F.3d 676 (7th Cir. 2019). While the Seventh Circuit Court of Appeals acknowledged the parties' arguments regarding whether the 2018 Amendments cured Indiana Code chapter 34-24-1's constitutional infirmities, it declined to address them:

The district court did not have a chance to address the amendments. Given that the record and arguments regarding the amendments are under-developed, we remand this case to the district court for further proceedings. *See Restoration Risk Retention Grp. v. Gutierrez*, 880 F.3d 339, 349 (7th Cir. 2018) (remanding to district court "to determine the operation and effect of the amended statute" and to "determine whether the case is moot"); *Hager v. Nat'l Union Elec. Co.*, 854 F.2d 259, 262–63 (7th Cir. 1988) ("We believe that the district court ought to have the opportunity to reconsider its decision in light of this most significant pronouncement from the Supreme Court of Indiana."); *United States v. Elrod*, 627 F.2d 813, 819–20 (7th Cir. 1980) (remanding to district court given enactment of statute during pendency of appeal).

On remand, the district court should address the parties' contentions regarding the amendments. Do the amendments ameliorate the constitutional problems the district court identified? The district court should resolve these contentions to the extent necessary and proper.

If appropriate, the district court should also revisit the class to determine whether it should be decertified or redefined in light of the amendments.

At present, we express no opinion regarding the constitutionality of the old or new versions of the statute, regarding mootness, or regarding the class. Also, our argument summaries do not limit the arguments the parties may raise on remand. We leave latitude to the district court to conduct further proceedings it deems necessary and proper given the amendments and the parties' positions. Any review we are subsequently called upon to make will benefit from these proceedings and the reasoning of the district court.

*Id*. at 679–80. On December 13, 2019, however, the parties issued a joint

stipulation of dismissal in *Washington*, having agreed to a settlement. In other

words, the district court never had the opportunity to determine the effect of the 2018 Amendments in *Washington*.

# Discussion and Decision

Appellants challenge the forfeiture of the Car pursuant to Indiana Code chapter 34-24-1. While Appellants acknowledge the 2018 Amendments, they argue, at most, that the amended statutes do not apply to the seizure of the Car because it was originally seized in December of 2016. Appellants make no claim or argument whatsoever that the 2018 Amendments failed to cure the constitutional defects of Indiana Code chapter 34-24-1. Appellees argue that the 2018 Amendments do apply to the 2016 seizure and that they cured whatever constitutional infirmities existed in the previous statutes, rendering the second forfeiture proper.

# I. Whether the Amended Statutes Apply to the Seizure of the Car

Appellants contend that the 2018 Amendments do not apply to this case because the initial seizure of the Car occurred in December of 2016. We

interpret this as a challenge on the ground that use of the amended chapter 34-24-1 to seize the Car would amount to an impermissible *ex post facto* law.[1]

> We have previously stated that the constitutional prohibitions against *ex post facto* criminal sanctions require that criminal proceedings be governed by the statutory provision in effect at the time of the offense.[2]  *Settle v. State*, 709 N.E.2d 34, 35 (Ind. Ct. App. 1999). […] However, we have noted that the *ex post facto* clause "'does not give a criminal a right to be tried, in all respects, by the law in force when the crime charged was committed.'" *Hayden v. State*, 771 N.E.2d 100, 102 (Ind. Ct. App. 2002) (quoting *Dobbert v. Florida*, 432 U.S. 282, 293, 97 S. Ct. 2290, 53 L. Ed. 2d 344 (1977)), *trans. denied*.  The clause is not designed "to limit legislative control of remedies and modes of procedure which do not affect matters of substance." *Id*.  "Even though it may work to the disadvantage of a defendant, a procedural change is not *ex post facto*." *Id*.

> Our first task then is to determine whether [the changes are] procedural or substantive for purposes of the *ex post facto* provisions of both the Indiana and United States Constitutions.  We have previously noted that "'[p]rocedural, adjective or remedial law is that portion of the law which prescribes the method of enforcing a

---

[1]  We acknowledge that Butler, in his Brief of Appellant, fails to support this claim with any authority. Although Butler does use the term *ex post facto* and support this argument with authority in his Reply Brief, it is generally true that "[a]n issue not raised in an appellant's brief may not be raised for the first time in a reply brief." *Chupp v. State*, 830 N.E.2d 119, 126 (Ind. Ct. App. 2005).  That said, our preference for addressing claims on the merits is well-established, *see, e.g.*, *Rexroad v. Greenwood Motor Lines, Inc.*, 36 N.E.3d 1181, 1183 (Ind. Ct. App. 2015) ("[W]here possible, we prefer to address cases on their merits."), and we choose to directly address his claim nonetheless.

[2]  The United States Supreme Court recently rejected the State of Indiana's argument that Indiana Code chapter 34-24-1 is not covered by the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.  *See Timbs v. Indiana*, --- U.S. ---, 139 S. Ct. 682, 689–91 (2019).  Because the civil forfeiture of property related to the commission of crimes—including an *in rem* action against the property—is at least partially punitive, it is subject to the coverage of the Excessive Fines Clause.  *Id*. at 689, *see also State v. Timbs*, 2019 WL 5540987 at *4 (Ind. Oct. 28, 2019) ("[F]orfeitures under Section [34-24-1-]1(a)(1)(A) are fines to which the Excessive Fines Clause applies.").

right or obtaining a redress for the invasion of that right. Substantive law, on the other hand, is that portion of the law which creates, defines and regulates rights.'" *Id.* (quoting *State v. Fletcher*, 149 Ariz. 187, 717 P.2d 866, 870 (1986)). "An amendment is 'procedural in nature for purposes of the *ex post facto* doctrine, and may be applied to crimes committed before the effective date' if it 'neither changes the elements of the crime nor enlarges its punishment.'" *Weaver v. State*, 845 N.E.2d 1066, 1070 (Ind. Ct. App. 2006) (quoting *Ritchie v. State*, 809 N.E.2d 258, 264 (Ind. 2004), *reh'g denied*, *cert. denied* 546 U.S. 828, 126 S. Ct. 42, 163 L. Ed. 2d 76 (2005)), *trans. denied*.

*Abernathy v. Gulden*, 46 N.E.3d 489, 495 (Ind. Ct. App. 2015). Without addressing the question of whether the 2018 Amendments cured the constitutional infirmities identified by the *Washington* court, we have little hesitation in at least concluding that the 2018 Amendments were all procedural in nature. To summarize, the amended statutes (1) now require a prosecutor to file a probable-cause affidavit within seven days of the seizure and the trial court to make a probable-cause determination, (2) now allow owners who were not in possession of the property when it was seized to file a petition for provisional release of their property, and (3) significantly shorten the amount of time permitted between the seizure of the vehicle and the filing of the forfeiture complaint. *See* Ind. Code § 34-24-1-2(b), -2(d), -3(a). The 2018 Amendments do nothing to create, define, or regulate the State's inherent power to seize property from citizens under certain circumstances; they affect only the procedures for enforcing that right and/or obtaining redress. Because the 2018 Amendments are procedural in nature, we conclude that applying them to the seizure of the Car does not constitute an *ex post facto* law.

## II. Whether the 2018 Amendments Cured the Defects in Indiana's Civil Forfeiture Law

The next question is whether the 2018 Amendments cured the constitutional infirmities of chapter 34-24-1 as identified by the *Washington* court. As Appellees point out, however, Appellants do not even claim, much less develop an argument, that the 2018 Amendments failed to adequately address the defects identified by the district court. For a question of this importance, *i.e.*, the constitutionality of Indiana's civil forfeiture statutes, we are not inclined to supply one side with its argument. *See, e.g.*, *Thomas v. State*, 965 N.E.2d 70, 77 n.2 (Ind. Ct. App. 2012) (stating that this court should not "'make up its own arguments'" when a "'party has not adequately presented them'" because this causes the court to become "'an advocate rather than an adjudicator'") (quoting *Young v. Butts*, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997)); *Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004) (stating that we will not "become an advocate for one of the parties" by developing a cogent argument on a party's behalf).

Moreover, again because Appellants did not advance this claim in the trial court either, the record is inadequately developed. In *Washington*, the Seventh Circuit Court of Appeals declined to address the question of whether the 2018 Amendments repaired Indiana Code chapter 34-24-1 because the district court had not yet had an opportunity to address the question or develop a record. Because we are faced with similar circumstances, we will follow the same path and decline to address a constitutional question that was not raised or argued to

the trial court or addressed by it, much less with an adequately-developed record. We will diverge from the Seventh Circuit Court of Appeals, however, in that we will not remand for further proceedings on the effect of the 2018 Amendments; Butler, unlike Washington, had the opportunity to raise the issue but did not. It is well-settled that "[f]ailure to raise an issue before the trial court will result in waiver of that issue." *Heaphy v. Ogle*, 896 N.E.2d 551, 555 (Ind. Ct. App. 2008). Because the argument has been waived, we express no opinion whatsoever on the question of whether the 2018 Amendments cured the constitutional defects of Indiana Code chapter 34-24-1. Butler has failed to carry his burden to establish that the seizure of the Car was in any way improper.

## III. Attorney's Fees

Appellants are seemingly requesting an award of both trial attorney's fees and appellate attorney's fees. To the extent Appellants rely on Indiana Code section 34-52-1-1, this claim is waived because it is raised for the first time on appeal. *See, e.g.*, *Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004); *Evans v. Tuttle*, 645 N.E.2d 1119, 1121 (Ind. Ct. App. 1995) (applying this rule specifically to a challenge regarding attorney's fees). Second, a trial court in a civil action may award attorney's fees "to the prevailing party[,]" *see* Ind. Code § 34-52-1-1(b), and Appellants did not prevail below.

To the extent Appellants seek attorney's fees under Indiana Appellate Rule 66(E), that rule provides that "the Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be

in the Court's discretion and may include attorney's fees." The discretion to award attorney's fees is limited to instances "when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *In the Matter of Guardianship of Lamey*, 87 N.E.3d 512, 527 (Ind. Ct. App. 2017). We use "extreme restraint" when exercising this power because of the "potential chilling effect on the exercise of the right to appeal." *Id*. The sanction is not imposed to punish "mere lack of merit, but something more egregious." *Id*. To prevail on a substantive bad faith claim, such as Appellants', "the party must show that the appellant's contentions and arguments are utterly devoid of all plausibility." *Id*.; *see also Landmark Legacy, LP v. Runkle*, 81 N.E.3d 1107, 1119 (Ind. Ct. App. 2017).

[13] We conclude that this is not a case where an award of appellate attorney's fees is warranted. Appellees presented a legal argument explaining why *Washington* did not prohibit the forfeiture of the Car, which forfeiture was proceeding under the newly-amended statutes that had been passed in response to *Washington*. The amended statutes have not been declared unconstitutional, nor has the State been enjoined from enforcing or proceeding under the amended statutes. This is an entirely legitimate legal argument for Appellees to pursue. Appellants have fallen short of establishing that Appellees' arguments on appeal are frivolous or made in bad faith.

[14] We affirm the judgment of the trial court and decline Appellants' request for appellate attorney's fees.

Crone, J., and Tavitas, J., concur.